Sneed, J.,
delivered the opinion of the court.
The plaintiff brought his action of trover against defendant to recover the value of certain property alleged to have been taken and converted by the defendant. The damages claimed by the writ were $200, and the jury rendered a verdict for $300. The plaintiff thereupon remitted one hundred. dollars of • his recovery, and judgment was rendered for two hundred dollars, from which the defendant has appealed in error.
The action was originally instituted in the Circuit Court of Sullivan, and the venue was changed upon the application of the plaintiff to the county of Carter, and upon the application of the defendant the venue was again changed to the county of Sullivan. There can be no valid objection to the affidavit of an agent in support of the application. This affidavit should be given in open court — and cases may and often do occur when the party is by some imperative necessity prevented from attending court. Upon the application of the plaintiff, supported by the affidavits of three loyal citizens,” under the Act of 1866, ch. 44, the venue was again changed to the county of Carter, where the' case was finally determined. To this proceeding the defendant excepted. In the case of Weakly & Co. v. McPierce & Bostwick, decided at Jackson, it was said by Judge Nelson, in delivering the *399 opinion of the court, that “So important, as a general rule, is it to litigants that their causes shall be tried in the counties where they reside, that the statute does not allow a change of Yenue as a matter of right or of course. It can only be done upon a statement of facts in writing, under oath or affirmation on the part of the applicant, and the truth of his statement is to be verified and supported by the oath of at least three' respectable persons, and then not without due consideration on the part of the judge presiding.” In that case it was held, and we think upon excellent reasons, that the provisions of these statutes must be strictly pursued. In the case before us it appears that the venue was twice changed upon the application of the plaintiff, and each application was based upon the same reasons. We have heretofore held that the Act of 1866, ch. 44, modifying the statutes upon this subject, and authorizing the venue upon the affidavit of the applicant, supported by the affidavit of three compurgators, being unconditional union men, is unconstitutional and void. Haywood v. Brown, MS., Jackson, 1872. Without regard to that statute, however, this case may be disposed of on other grounds. The statute provides expressly that the venue may be changed by the plaintiff or defendant, or both, but not more than once by each, except for causes not in existence when the first change was taken. Code, sec. 2836-. The provisions of this statute were made to apply by the Act of 1870, ch. 5, sec. 2, to cases pending before justices. This statute is decisive of this ease, as the venue was changed twice upon the *400 application of the plaintiff, and for both changes the same causes were assigned. It results that the case is not lawfully in the Circuit Court of Carter county, and the judgment will be remanded for transfer to the Circuit Court of Sullivan.